

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/23/2008

| | | |
|---|---|---|
| IN RE: | § | |
| BLANCHE TUCKER, ERNEST TUCKER | § | CASE NO: 07-35945 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION CONCERNING CREDITOR'S APPLICATION FOR FEES

Tax Ease Funding, L.P. seeks reimbursement from the chapter 13 estate of $325.00 for attorney's fees. The $325.00 was incurred by Tax Ease after the commencement of this case. The fees are for reviewing the debtors' proposed plan, filing a proof of claim, and preparing Tax Ease's fee application. Tax Ease seeks its fees pursuant to § 506(b) of the Bankruptcy Code.

For the reasons set forth below, the Court finds that the holder of an oversecured claim secured by a tax lien transferred pursuant to Texas law may recover its reasonable fees, costs, and other charges provided for under its agreement with a debtor.

### Background

Blanche and Ernest Tucker filed a chapter 13 bankruptcy petition on September 1, 2007. On September 14, 2007, the Tuckers filed their schedules of assets and liabilities. Among the liabilities owed by the Tuckers is a debt to Tax Ease.

The Tuckers' debt to Tax Ease arose when the Tuckers failed to pay the annual ad valorem taxes secured by their home and due to local taxing authorities. On May 25, 2007, Tax Ease advanced $9,019.65 to the Tuckers. The Tuckers executed a Real Estate Lien Note and a Deed of Trust to Tax Ease. $1,680.37 of the proceeds was used to pay costs, expenses, and interest associated with the closing of the loan. The balance of the proceeds was used to pay the Tuckers' ad valorem taxes.

Pursuant to § 32.06 of the Texas Property Tax Code, the taxing authorities transferred their property tax liens to Tax Ease. Accordingly, when the transaction was concluded, Tax Ease had advanced $9,019.65 to the Tuckers in exchange for a promissory note secured by a tax lien on the Tuckers' home.

### Undisputed Facts

The facts of this case are undisputed. Tax Ease is a creditor holding a secured claim. The lien securing Tax Ease's claim is secured by collateral with a value in excess of the amount of the claim. The lien securing Tax Ease's claim is a tax lien under Texas law. Along with the

promissory note, the Tuckers executed a deed of trust against their home. The charge of $325.00 by Tax Ease was a reasonable charge for the services rendered.[1]

### Attorney's Fees, Costs, and Section 506(b)

Section 506(b) provides as follows:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

This Court recently examined the role of § 506(b) in a chapter 13 bankruptcy case. An oversecured creditor is entitled to recover its reasonable fees, costs, and charges by filing an application pursuant to Federal Rule of Bankruptcy Procedure 2016(a). *Padilla v. Wells Fargo Home Mortgage (In re Padilla),* 379 B.R. 643 (Bankr. S.D. Tex. 2007). Tax Ease properly filed its application with this Court.

When reviewing an application for recovery of fees, the Court must scrutinize the application in order to ensure an equitable distribution of estate property. The Court previously described this duty as follows:

> An oversecured creditor's right to recover post-petition costs is severely limited to ensure an equitable distribution among creditors. The principle of equality among creditors underlies the Chapter 13 process. *Young v. Higbee Co.*, 324 U.S. 204, 210, 65 S.Ct. 594, 89 L.Ed. 890 (1945) ( "(H)istorically one of the prime purposes of the bankruptcy law has been to bring about a ratable distribution among creditors of a bankrupt's assets"); *Cunard S.S. Co. v. Salen Reefer Services AB,* 773 F.2d 452, 459 (2d Cir. 1985); *In re Tate*, 253 B.R. 653, 666 n. 8 (Bankr. W.D.N.C. 2000) (citing H.R.Rep. No. 595, 95th Cong. 1st Sess. 177-78 (1977) (reprinted in 1978 U.S.C.C.A.N. 5963, 6138)). This principle could not be realized if one creditor could deprive other creditors by depleting the estate with unjustified fee and expense claims.
>
> To maximize equality among creditors, courts closely scrutinize oversecured creditors' requests for post-petition fees, expenses and interest. Courts require oversecured creditors to prove that their claims meet § 506(b)'s reasonableness requirements. *In re Tate*, 253 B.R. at 666 n. 8 ("fee requests are to be strictly construed, and the burden is on the creditor to show entitlement and

---

[1] Tax Ease filed a formal application for approval of its fees. The application included a detailed fee statement. The Court carefully reviewed the fee statement, applied the *Johnson* factors, and determined that the fees were reasonable under those factors. *See Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 718-19 (5th Cir.1974) (codified by 11 U.S.C. § 330(a)(3) (2005)).

reasonableness") (citing *In re Cuisinarts, Inc.,* 115 B.R. 744, 749 (Bankr. D. Conn. 1990)); *In re Samsa*, 86 B.R. 863, 867 (Bankr. W.D. Pa. 1988); *In re United Nesco Container Corp.*, 68 B.R. 970, 970 (Bankr. E.D. Pa. 1987).

*Padilla*, 379 at 654.

As set forth above, the Court has found—as a factual matter—that the fees are reasonable. The issue under § 506(b) is whether the fees and costs are allowed by the parties' agreement or by state law.

## Procedures for Transferring Tax Liens

Texas has established a statutory framework pursuant to which a taxpayer may arrange for a third party to pay the taxpayer's ad valorem tax obligations. *See* TEX. PROP. TAX CODE § 32.01, *et seq.* It is useful to describe the procedure.[2]

Pursuant to § 32.06, the taxpayer's ad valorem tax debt may be paid by a third party to the governmental entity to which the taxes are owed. *Id.* at § 32.06; *In re Sheffield,* --- B.R. ---, 2008 WL 2600986 (Bankr. S.D. Tex. July 2, 2008). When the taxes are paid, the governmental entities' tax lien is transferred to the third party payor. *Id.*

Texas statutes allow the parties either (i) to rely solely on the transferred tax lien; or (ii) to execute a new contract that documents the parties' rights and responsibilities. TEX. PROP. TAX CODE § 32.06(c). If no new contract is executed, then the third party lender must rely on a judicial foreclosure if there is a default in the debtor's performance. *Id.* If a new contract is executed (i.e., a deed of trust), then the third party may conduct a non-judicial foreclosure following an event of default. *Id.*

Texas statutes regulate attorney's fees in judicial foreclosures by tax lien transferees. "If a foreclosure suit results in foreclosure of the lien, the transferee is entitled to recover attorney's fees in an amount not to exceed 10 percent of the judgment." TEX. PROP. TAX CODE § 32.06(j). The Court is unable to locate—and the parties have not identified—any comparable section of the Texas Property Tax Code purporting to limit the attorney's fees that may be allowed in a deed of trust. Texas follows the principle of *expressio unius est exclusio alterius* when interpreting its statutes. *Wichita County v. Bonnin,* --- S.W. 3d --- 2008 WL 2511174 (Tex. App—Ft. Worth June 19, 2008). Put simply, the statutory regulation of attorney's fees in the situation set forth in § 32.06(j) implies that there is no statutory regulation for other situations.

Accordingly, the Court concludes as follows:

- Section 506(b) of the Bankruptcy Code allows Tax Ease to recover its reasonable fees, costs, and charges to the extent allowed by Texas law and the agreements of the parties.

---

[2] The parties agree that the applicable statute was amended effective September 1, 2007. Because the Tuckers' loan arose prior to the amended statute, the Court will apply the pre-amendment statute.

- Texas law allows the parties to a § 32.06 tax lien transfer to enter agreements in the forms of promissory notes and deeds of trust that allow for the imposition of attorney's fees and costs.

- Tax Ease's reasonable attorney's fees and costs will be allowed, to the extent provided by its agreements with the debtors.

## Provision for Payment of Costs and Expenses in Promissory Note and Deed of Trust

The Court must determine the circumstances under which the agreements between the Tuckers and Tax Ease allow the imposition of fees. As set forth above, the fee statements reflect that Tax Ease's attorneys performed routine bankruptcy work—the work was for filing a proof of claim, reviewing the plan, and filing a fee application. The agreements between the parties are governed by a note and by a deed of trust.

The general rules for contract interpretation are well-established:

> In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 158 (1951). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193, 196 (Tex. 1962); *Citizens Nat'l Bank in Abilene v. Texas & P. Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941). In harmonizing these provisions, terms stated earlier in an agreement must be favored over subsequent terms. *Ogden v. Dickinson State Bank*, ---S.W.2d ----, ----, 26 Tex.Sup.Ct. J. 200, 202 (Jan. 26, 1983).

*Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983).

When loan documents are executed simultaneously, they are construed as a single instrument. *State Prop. Dallas, Inc. v. Paris Savs. & Loan Ass'n.,* 1994 WL 171503, at *2 (5th Cir. Apr. 21, 1994); *Starcrest Trust v. Berry,* 926 S.W. 2d 343, 351-52 (Tex. App.—Austin 1996, no writ); *Pentico v. Mad-Wayler, Inc.,* 964 S.W. 2d 708, 715 (Tex. App.—Corpus Christ 1998, rev. denied) ("Effectively, the promissory note and the deed of trust are one instrument and must be construed together.").

If there is a conflict between the note and the deed of trust, the note prevails. *Pentico* at 715. If there are conflicting terms within a note or within a deed of trust, the first-stated term

prevails. *First Nat'l Bank of Amarillo v. Jarnigan,* 794 S.W.2d 54, 59 (Tex. App.—Amarillo 1990, writ denied). If there is a general provision and a specific provision, the more specific provision controls. *State Prop. Dallas,* 1994 WL 171503 at * 2.

The Court first considers whether a conflict even exists between the note and the deed of trust.

With exceptions not relevant here, bankruptcy law is generally about claims rather than about liens. As the Supreme Court has written:

> Under the Bankruptcy Act of 1898, a lien on real property passed through bankruptcy unaffected. This Court recently acknowledged that this was so. *See Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"); *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) ("Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim-namely, an action against the debtor in personam-while leaving intact another-namely, an action against the debtor in rem").

*Dewsnup v. Timm*, 112 S.Ct. 773, 778 (1992).

Tax Ease's counsel's work was in furtherance of Tax Ease's claim.[3] The claim is represented by the promissory note. The deed of trust embodies the terms of enforcement of the tax lien. The proof of claim and the plan both deal only with the claim and not with the lien. Although the Court reads the note and the deed of trust together, the Court recognizes that the different attorney's fee provisions apply to different situations. The note primarily governs rights regarding Tax Ease's claim. The deed of trust primarily governs Tax Ease's rights regarding the lien.

The promissory note provides:

> If the Note Holder has required me to **pay immediately in full** as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees. Reasonable attorneys' fees shall be 10% of all amounts due.

(emphasis added).

Accordingly, the note only allows attorney's fees following acceleration. Inasmuch as the attorney's fees pertained to the claim rather than the lien, the Court will only allow the attorney's fees if the note was accelerated.

---

[3] As defined in the Bankruptcy Code, the "claim" is Tax Ease's "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured…" 11 U.S.C. § 101(5)(A).

For the purposes of completeness, the Court will also analyze the deed of trust.

The deed of trust contains a number of provisions allowing for attorney's fees. The first provision the Court looks to is the general provision. It is found in Paragraph 14 under the "General Provision" section. This provision simply provides for reasonable attorney's fees if an attorney is required to enforce the deed of trust.

The other attorney's fees provisions are quite specific.

To the extent there is a conflict between a more general provision and a more specific provision, the specific controls. *State Property Dallas*, 21 F.2d at 1113. Furthermore, if two provisions conflict, greater weight is given to the earlier stated provision. *First Nat'l Bank of Amarillo,* 794 S.W.2d at 59. The Court, therefore, must examine the applicability of the specific provisions.

The first specific provision the Court examines is in Paragraph 5 of the "Lender's Rights" provision. It authorizes attorney's fees if the lender is required to perform one of the obligations undertaken by the Tuckers. The second provision is found in Paragraph 12. It authorizes attorney's fees if the lender must protect its rights in a tax suit. These issues, obviously, are not present in this case.

There is another specific provision, however, that is directly on point. Page 2 of the deed of trust contains a bankruptcy provision. It states:

> If the Note or any other indebtedness secured hereby shall be collected by legal proceedings, whether through a probate or bankruptcy court or otherwise… Grantors agree to pay Lender's reasonable attorneys' and collection fees in the amount set forth in the Note…

The fees Tax Ease is seeking to collect are fees incurred in this bankruptcy case in furtherance of collection on the promissory Note. This provision is more specific and is stated earlier in the deed of trust than the general attorney's fee provision. Accordingly, this specific bankruptcy provision controls; it directs that attorney's fees are as stated in the Note.

As set forth above, the Note only allows attorney's fees following an acceleration. Accordingly, in construing this note and the deed of trust, the Court concludes that attorney's fees for routine work in the bankruptcy case are only recoverable following an acceleration.

Unfortunately, the record is not complete as to whether the note was accelerated.

## Conclusion

Not later than August 7, 2008, Tax Ease, the trustee, and the Tuckers must file a stipulation as to whether the note was accelerated prior to the petition date. If the note was accelerated, the fees will be awarded. If it was not accelerated, the fees will be denied. If the

parties are unable to stipulate, then Tax Ease should file a pleading requesting an evidentiary hearing.

      Signed at Houston, Texas, on July 23, 2008.

*[signature]*

MARVIN ISGUR
United States Bankruptcy Judge